IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JOHN PAUL SHERIDAN,

**Plaintiff,**

vs.                                                                                       CIVIL NO. 05-833 WDS

MICHAEL J. ASTRUE,
**Commissioner of Social Security Administration,**

**Defendant.**

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** came before the Court upon Plaintiff's Motion to Reverse and Remand for a Rehearing filed on January 17, 2007. Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security, who determined that Plaintiff was not eligible for disability insurance benefits or supplemental security income. The Court, having considered Plaintiff's Motion [docket # 17] and Memorandum Brief [docket # 19], Defendant's Response [docket # 21], Plaintiff's Reply [docket # 22], the administrative record and applicable law, finds that Plaintiff's Motion should be **DENIED,** and that this matter should be dismissed with prejudice.

### I.  Background

Plaintiff, who was born on December 4, 1960, worked as a truck driver before the onset of his alleged disability. Tr. 78. Plaintiff applied for Disability Insurance Benefits on June 30, 2003. Tr. 60. He alleged that he became disabled on February 10, 2003. Tr. 54. Plaintiff's application was denied at the initial level, Tr. 34, and at the reconsideration level. Tr. 28. Plaintiff appealed by filing a request for a hearing by an administrative law judge ("ALJ"). The hearing before the ALJ was held

on April 8, 2005, at which Plaintiff appeared pro se. Tr. 136-160. Plaintiff alleged that he was disabled as a result of scoliosis, back pain, and leg pain. Tr. 144-45, 96. In an opinion dated May 12, 2005, the ALJ rendered an unfavorable decision, finding that Plaintiff was not disabled. Tr. 9-17. Plaintiff then filed a request for review with the Appeals Council on May 17, 2005. Tr. 8. The Appeals Council denied Plaintiff's request for review on June 15, 2005, Tr. 4-6, and thereby rendered the ALJ's decision the final decision of the Commissioner of Social Security ("Commissioner"). *See* 20 C.F.R. §§ 404.981, 416.1481

On August 2, 2005, Plaintiff filed this action for judicial review of the Commissioner's final decision pursuant to 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3). After consent by the parties, [docket # 3, 5] this case was reassigned to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).

## II. Standard of Review

This Court may only review the Commissioner's decision to determine whether it is supported by substantial evidence and whether correct legal standards were applied. *Andrade v. Secretary of Health & Human Servs.,* 985 F.2d 1045, 1047 (10th Cir. 1993). In determining whether the Commissioner's findings are supported by substantial evidence, the Court should not re-weigh the evidence, nor should it substitute its judgment for that of the Commissioner. *Glass v. Shalala,* 43 F.3d 1392, 1395 (10th Cir. 1994). Instead, the Court should meticulously examine the record to determine whether the Commissioner's decision is supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Williams v. Bowen,* 844 F.2d 748, 750 (10th Cir. 1993). The "substantial evidence" standard is satisfied by more than a scintilla, but less than a preponderance, of evidence. *Id.* However, evidence is not substantial if it is

overwhelmed by other evidence or if it constitutes a mere conclusion. *Ray v. Bowen,* 865 F.2d 222, 224 (10th Cir. 1989).

A sequential five-step analysis applies in determining whether an adult claimant is disabled and entitled to benefits under the Social Security Act. *See Williams,* 844 F.2d at 750-52; 20 C.F.R. §§ 404.1520, 416.920. First, the question is whether the claimant is engaged in substantial gainful activity. *Williams,* 844 F.2d at 750. If so, the claimant is not disabled; if not, the analysis proceeds to step two. *Id.* At the second step, the question is whether the claimant has an impairment or combination of impairments that is severe. *Id.* If not, the claimant is not disabled; however, if the claimant makes the required showing of severity, the analysis proceeds to step three. *Id.* at 750-51. At step three, the question is whether the claimant has an impairment or combination of impairments that meets or equals an impairment listed at Appendix 1, Subpart P, of 20 C.F.R. Part 404 ("Listings" or "Listed Impairment"). *Id.* at 751. If so, the impairment is considered to be presumptively disabling. *Id.* If not, the analysis proceeds to step four, where the question is whether the impairment prevents the claimant from doing past work. *Id.*

The claimant is not disabled if he or she can perform past work. *Id.* If the claimant cannot perform past work, the analysis proceeds to step five, where the burden shifts to the Commissioner to establish that the claimant has the residual functional capacity ("RFC") "to perform other work in the national economy in view of his age, education and work experience." *Id.* (quoting *Bowen v. Yuckert,* 482 U.S. 137, 142 (1987)). The claimant is entitled to benefits unless the Commissioner establishes that the claimant can "perform an alternative work activity and that this specific type of job exists in the national economy." *Id.* (quoting *Channel v. Heckler,* 747 F.2d 577, 579 (10th Cir. 1984)).

### III.  Summary of the ALJ's Decision

At step one of the sequential five-step analysis, the ALJ found that Plaintiff had not engaged in substantial gainful activity since his alleged onset date. Tr. 13.  The ALJ found at step two that Plaintiff had the severe impairment of scoliosis. Tr. 13-14.  The ALJ found at step three that Plaintiff's impairment was not severe enough to meet or medically equal any of the Listings. Tr. 14.  At step four, the ALJ concluded that Plaintiff retained the RFC to perform light exertional level work.  Specifically, the ALJ found that Plaintiff could lift ten pounds frequently; twenty pounds occasionally; stand, walk and sit for six cumulative hours per workday; perform frequent postural activities; and occasionally climb. Tr. 15.  The ALJ found that Plaintiff could perform sedentary work in addition to light work. Tr. 15.  Given the RFC assessment, the ALJ found that Plaintiff could not perform his past relevant work. Tr. 15.  However, at step five the ALJ concluded that there were a significant number of jobs in the national economy that Plaintiff could perform, citing Medical-Vocational Rule 202.17. Tr. 15.  Plaintiff contends generally that the ALJ erred in determining that there were a significant number of jobs in the national economy that Plaintiff could perform.

### IV.  Discussion

As an initial matter, the Court recognizes that Plaintiff is appearing in this matter *pro se*.  The Court has construed Plaintiff's motion for remand very liberally.  *See, e.g., Haines v. Kerner,* 404 U.S. 519, 520-521 (1972)(per curiam);  *Hall v. Bellmon*, 935 F.2d 1106, 1110 & n. 3 (10th Cir. 1991)("The *Haines* rule applies to all proceedings involving a pro se litigant. . . .").  The Court has reviewed the entire administrative record, including medical records, the transcript of the administrative hearing, the various disability reports submitted by Plaintiff or others on behalf of Plaintiff, the Residual Functional Capacity assessments contained in the record, and the ALJ's

decision finding that Plaintiff was not disabled as defined by the Social Security Act. The Court has evaluated the administrative record and the ALJ's decision in accordance with the applicable standard of review, i.e., whether the Commissioner's decision is supported by substantial evidence and whether correct legal standards were applied. *Andrade v. Secretary of Health & Human Servs.,* 985 F.2d 1045, 1047 (10th Cir. 1993). The Court has determined that substantial evidence supports the ALJ's decision. The Court finds no error in the application of Grid Rule 202.17. The findings were within the purview of the Act and were consistent with regulatory criteria. The Court finds that Plaintiff's motion to remand is not well taken.

### V.  Conclusion and Summary

**IT IS, THEREFORE, ORDERED** that Plaintiff's Motion to Reverse and Remand for a Rehearing [docket #17] is **DENIED,** and this matter shall be dismissed with prejudice.

**W. DANIEL SCHNEIDER**
**UNITED STATES MAGISTRATE JUDGE**